■ SHELDON PALMER et al., Appellants, v MURRAY HILL MEWS OWNERS CORP. et al., Respondents. [53 NYS3d 541]—

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 25, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established prima facie that there was no causal connection between any actions or omissions on their part and the theft of plaintiffs' jewelry from their apartment (*see Sakhai v 411 E. 57th St. Corp.*, 272 AD2d 231 [1st Dept 2000]). Their

evidence shows that the employee who plaintiffs allege is the thief did not have access to the key to plaintiffs' apartment and that the computer system that tracks access to keys to residents' apartments did not reveal that anyone obtained access to the key to plaintiffs' apartment during the relevant period. It also showed that there were no previous incidents of theft that would have put defendants on notice of the likelihood of criminal activity in the building. In opposition, plaintiffs relied on speculation, based on the absence of signs of forced entry and the fact that the subject employee had been disciplined for unrelated conduct, and hearsay, none of which raises a triable issue of fact (*see id.*; *see also Segev v Trump Parc Condominium*, 215 AD2d 322 [1st Dept 1995]). Concur— Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.